AUG. M. MOORE, Adm'r. of HENRY KNOBEN and NELLY KNO-
BEN *v.* H. A. BOND, Jr., Adm'r. of —— HUDGINS, MOSES HOBBS
and M. C. BRINKLEY, Sheriff.

In 1861, a judgment was obtained against A; execution issued and was
levied upon his land, which was regularly kept alive until the said land
was thereunder sold by the sheriff. In January, 1869, A sold the same
land to C, making title, and taking a mortgage thereupon to secure the
purchase money. In 1872 A died intestate, and B became his adminis-
trator. January 1st, 1874, the land being worth less than the judgment,
interest and costs, and the bond given by C as the purchase money for
said land, by agreement, C substituted for that note one for a less sum
signed by himself with D as surety, payable to B as administrator of A,
whereupon B surrendered the note first given and secured by mortgage.
Several months thereafter, B, without the knowledge or consent of either
C or D, and without any consideration, caused "Satisfaction" to be en-
tered on the registry of the mortgage. In 1875 C died intestate, leaving
F, his widow and sole heir at law; E became his administrator. The
land was subsequently sold under a *ven. exp.* issuing under the judgment
aforesaid, and after paying off the same, interest and costs, a surplus
of the proceeds of said sale remained in the hands of the sheriff: Upon
this state of facts, *it was held,*

(1.) That the entry of "Satisfaction" made upon the registry of the
mortgage did not satisfy the debt, nor did such entry release the land;
but that the security attached to the substituted note;

(2.) That B, the administrator of A, was entitled to the surplus to be
paid in extinguishment, *pro tanto,* of the note of C and D;

(3.) That C never had any beneficial interest in the land, except as sub-
ject to the paramount judgment and mortgage; and that therefore F, the
widow of C, was neither entitled to a homestead or dower.

Controversy submitted without action, to his Honor,
Judge Eure, at the Fall Term, 1875, of Chowan Superior
Court, upon the following

### CASE AGREED:

At the Fall Term, 1861, of Chowan Superior Court, judg-
ment was rendered against Hudgins, the intestate of the
defendant, for $506.63, with interest from January, 1860.
Upon that judgment execution was issued, and on the 4th

of November, 1861, levied upon the plantation of said intestate, and *ven. ex.* have regularly issued to the day of sale, 6th December, 1875.

On the 1st January, 1869, Hudgins sold the farm to Knoben, made title to him, and took a re-conveyance in trust to secure the purchase money. Hudgins died intestate in 1872, and defendant Bond qualified as his administrator.

On the 1st January, 1874, the land being of less value than the amount of said judgment, interests and costs and the bonds given for the purchase money, and Knoben having failed in business, by agreement, Knoben gave his note payable to Bond, administrator, with the defendant Hobbs as surety, for a less sum, and Bond surrendered his notes originally given for the land and secured by the deed of trust.

Thereafter, on the 15th of September, 1874, the defendant, Bond, caused the Register of Deeds of said county to enter upon the margin of the registry of the deed of trust from Knoben to Hudgins, this memorandum : " The within trust satisfied," which he signed as administrator and caused the Register of Deeds to subscribe as witness. This was done by Bond without the knowledge or permission of either Knoben or Hobbs. Knoben died intestate in October, 1875, and the plaintiff Moore qualified as his administrator. The plaintiff Nelly is the intestate Knoben's widow and sole heir at law. He has no kindred. The land was sold by the Sheriff under a *ven. exp.* issued upon said judgment, and brought the sum of $—— in excess of the principal, interest and costs of the judgment which the sheriff holds for the party entitled. All the parties interested are before the Court.

The defendant, Henry Bond, asks that if, in the judgment of the Court, the entry by him made upon the registry has any effect upon the rights of any party, that the same be ordered to be stricken out; that the same was by him made and done upon no consideration from any person, and with-

out the direction, knowledge or authority of the defendant Hobbs, or any other party interested; that the same was inadvertently done by him, and in ignorance of any possible wrong or injury to his intestate's estate, or to defendant Hobbs. All of which is admitted by the plaintiff and Hobbs to be true.

The plaintiff, Nelly Knoben, claims that she is entitled to homestead or dower in said fund, as the representative of land.

Plaintiff Moore claims, 1st: That the surrender of the old bond and the acceptance of a new bond with surety, releases the lien the land conveyed.

2d. That if this is not so, then the entry made upon the registry, the voluntary act of the defendant Bond, has the legal effect to satisfy and discharge the trust, and release the land conveyed, and that the money be paid him as the assets of his intestate.

The defendant Hobbs demands jüdgment in his favor, because, 1st: This substituted note, which he signed as surety, for the debt secured by the trust, attached to the security provided for the original debt; and that by the voluntary act of the defendant Bond, the payee, that security was released and discharged, and by the act, in law, discharged him who was surety to the debt.

The defendant Bond demands judgment, that the defendant Brinkley pay to him the amount of sales of the land in his hands, for that the security attached to the substituted note, and he has a right to receive it, as a part of the assets of his intestate.

His Honor, being of opinion that the security attached to the substituted note, and that the entry of the registry did not satisfy the debt, nor release the land, gave judgment that the money be paid to defendant, Henry A. Bond, administrator of Hudgins.

From this judgment the plaintiffs appealed.

*Badger & Devereux,* for appellants.
*Gilliam & Pruden,* contra.

RODMAN, J, Novation is mentioned as one of the modes by which a debt may be extinguished. This takes place when a creditor, by note or otherwise, accepts some other promise of the debtor, (with or without additional security,) or of some other person, for the same or a different sum, *in substitution* for the original demand, and thereupon agrees that it shall be discharged. 2 Chitty on Contracts, (11 American Edition,) 1371. To have the effect of discharging the original demand it is essential that the new promise should be *accepted as a substitute* for the old, which, by the terms of the acceptance, would then be agreed to be discharged.

Whether in any given case a new promise was so accepted is a question of fact and not of law. Like all other facts, it must be proved if disputed, and it may be proved either by direct evidence of the agreement, or by inference from other facts. In no case is there any presumption of law, as to whether a new security is a substitute for a prior one, or is collateral to it.

There is, however, presumption of fact applicable to such cases, arising out of the maxim that if a certain condition of things is once shown to exist, that condition will in general be presumed to continue until there is proof of a change. So, if a debt or security be once shown to be existing and valid, it will be presumed to continue so, until proof of a change. The burden of proof, therefore, is on him who alleges that an original debt has been discharged.

In the present case, it is not directly stated that it was a part of the agreement between Bond, the administrator of Hudgins, and the debtor, Knoben, that the mortgage security should be discharged. We are asked, however, to infer

as a fact that it was agreed to be discharged from the following admitted facts:

1. That upon the agreement the creditor took the debtor's note with Hobbs as surety, for a sum less than the original debt, and

2. Cancelled or delivered up the original note, and

3. That Bond some seven months afterwards caused an entry of satisfaction of the mortgage to be made on the Register's book.

It may be remarked here that it strikes us as strange that Bond, who was one of the parties to the agreement, and must have known its terms, did not state with perfect clearness, and that he was not asked, whether the discharge of the mortgage was then promised and agreed to by him or not. This was probably an oversight, and as the admission is equally, so far as appears, the act, or with the consent of all the parties, no inference to the prejudice of either can be drawn from it.

. The two first facts relied on are consistent with the idea that the new note was to be collateral, and that the security of the mortgage was to be retained—and also with the idea that it was to be discharged; and no certain conclusion can be drawn from them.

As to the entry of satisfaction. If it had been made shortly after taking the new note from Knoben to which Hobbs became surety, an inference might have been drawn that the entry was made in performance of an agreement that it should be made. But the entry was not made until about seven months after the taking of the new note, and Bond says that the entry was made by his direction, but " upon no consideration from any one, and without the direction, knowledge, or authority of Hobbs or of any other party in interest; that the same was inadvertently done by him," &c., which is admitted. Although Bond gives no reason why he directed the entry, and does not expressly

say that it was not made in compliance with an agreement on his part with Knoben; yet, it being a case agreed, the words of which are those of all the parties, on a fair construction, his statement is incompatible with any such agreement. And that being so, the entry amounts to nothing as between these parties.

Our conclusion is that there is nothing in the facts admitted from which it can reasonably be inferred that Bond agreed to discharge the mortgage security. Hence, notwithstanding the change in the form of the debt, the mortgage remained alive as a security for the debt, and Hobbs is entitled to the benefit of it for his indemnity.

As to the claim of the widow and heir of Knoben to dower and homestead from the fund, it is scarcely necessary to say that it cannot be supported, inasmuch as Knoben never had any beneficial interest in the land except as subject to the paramount judgment and to the mortgage.

We think that his Honor erred in directing the fund, after payment of the judgment, to be paid to the administrator of Hudgins, to be dealt with by him generally according to law.

The judgment should be that it be paid to the administrator of Hudgins in extinguishment *pro tanto* of the note of Knoben and Hobbs.

Subjected to the modification above mentioned, the judgment below is affirmed, and a decree will be drawn in conformity with this opinion.

The costs in this Court will be equally divided between Bond, administrator of Hudgins, and Moore, administrator of Knoben.

Per Curiam.                    Judgment accordingly.